# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SABREEN GAD,

    *Plaintiff,*

vs.

KANSAS STATE UNIVERSITY,

    *Defendant.*

Case No. 12-2375-EFM

## MEMORANDUM AND ORDER

Plaintiff Sabreen Gad brings an employment discrimination claim on the basis of gender against Defendant Kansas State University. Defendant seeks summary judgment asserting that (1) Plaintiff failed to exhaust her administrative remedies, (2) Plaintiff fails to make a prima facie case of gender discrimination, and (3) even if Plaintiff could establish a prima facie case, she cannot demonstrate pretext. Because the Court finds that Plaintiff failed to submit a verified charge of discrimination to the EEOC, Plaintiff failed to exhaust her administrative remedies. Thus, the Court is without subject matter jurisdiction. Accordingly, the Court dismisses Plaintiff's case.

# I. Factual and Procedural Background[1]

On March 14, 2012, Plaintiff Sabreen Gad contacted the Equal Employment Opportunity Commission ("EEOC"). She submitted an unverified intake questionnaire with an unverified letter. She claimed that she was discriminated against on the basis of her religion, national origin, and gender.[2] EEOC records indicate that investigator Lynus Becker conducted an interview with Plaintiff on March 16, 2012. At the conclusion of Plaintiff's interview with the EEOC investigator, the investigator told her that he would send her a charge for signature. Plaintiff received the charge from the investigator, EEOC Form 5, but she never returned it. Plaintiff testified that she understood the investigator to have advised her that she did not have to return the charge form.

On March 16, 2012, Defendant received from the EEOC a "Notice of the Charge of Discrimination," which stated "No action is required by you at this time."[3] On April 19, 2012, Defendant received from the EEOC a Dismissal and Notice of Plaintiff's Right to Sue. These two documents are the only documents from the EEOC received by Defendant prior to Plaintiff filing this lawsuit.

---

[1] In accordance with summary judgment procedures, the Court has set forth the uncontroverted facts, and they are related in the light most favorable to the non-moving party. The Court has not set forth many of the facts asserted in Defendant's motion for summary judgment. Instead, the Court has only set forth the relevant facts.

[2] Plaintiff alleged that in December 2011, Defendant did not take action on her application for graduate faculty membership. She also alleged that in February 2012, Defendant discriminated against her when it denied her an appointment as a tenure track or full-time term assistant professor.

[3] This Notice provided Plaintiff's name and stated that Plaintiff alleged discrimination on the basis of gender. No other particulars were set forth in the Notice, and the Notice stated: "This is to notify you that an unperfected charge of discrimination has been filed with EEOC. You should receive a copy of the perfected charge of discrimination within 45 days."

On June 15, 2012, Plaintiff filed this lawsuit alleging gender and religious discrimination.[4] She claims that Defendant discriminated against her on the basis of gender when it did not increase her part-time employment to full-time and did not consider her request to be part of the graduate faculty. Defendant now seeks summary judgment.

## II.     Legal Standard

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[5] A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.[6] The movant bears the initial burden of proof, and must show the lack of evidence on an essential element of the claim.[7] The nonmovant must then bring forth specific facts showing a genuine issue for trial.[8] These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—conclusory allegations alone cannot survive a motion for summary judgment.[9] The Court views all evidence and reasonable inferences in the light most favorable to the party opposing summary judgment.[10]

---

[4] Plaintiff abandoned her religious discrimination claim after discovery. *See* Pretrial Order, Doc. 31, p. 6.

[5] Fed. R. Civ. P. 56(c).

[6] *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006).

[7] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

[8] *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

[9] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[10] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

### III.    Discussion

Defendant asserts that the Court should grant summary judgment on Plaintiff's employment discrimination claim for three reasons. First, Defendant asserts that Plaintiff failed to exhaust her administrative remedies; thus, she cannot maintain her discrimination claim in this Court. Defendant next asserts that even if the Court considers Plaintiff's employment discrimination claim, she cannot establish a prima facie case of gender discrimination. Finally, Defendant contends that even if the Court finds that Plaintiff could establish a prima facie case, she cannot demonstrate pretext. The Court will only address Defendant's first argument as it is dispositive.

Defendant argues that Plaintiff failed to file a verified charge of discrimination with the EEOC and because of this failure, the Court lacks jurisdiction to hear Plaintiff's claim. Title VII requires a plaintiff to exhaust her administrative remedies prior to filing suit.[11] In the Tenth Circuit, "a plaintiff's exhaustion of his or her administrative remedies is a jurisdictional prerequisite to suit under Title VII—not merely a condition precedent to suit."[12] "The first step to exhaustion is the filing of a charge of discrimination with the EEOC."[13] Title VII requires that a charge "shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires."[14] "[T]he term verified shall mean sworn to or

---

[11] *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005).

[12] *Id.* "The Tenth Circuit is the only circuit in which EEOC exhaustion is still considered jurisdictional. Nevertheless, 'we cannot overrule the judgment of another panel of this court,' and 'are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court.'" *Logsdon v. Turbines, Inc.*, 399 F. App'x 376, 378 n. 2 (10th Cir. 2010) (citing *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993)).

[13] *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007).

[14] 42 U.S.C. § 2000e-5(b). *See also* 29 C.F.R. § 1601.9 (stating that "[a] charge shall be in writing and signed and *shall* be verified) (emphasis added).

affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgements, or supported by an unsworn declaration in writing under penalty of perjury."[15]

It is undisputed that Plaintiff only filed an unverified intake questionnaire with the EEOC and did not file a verified charge. There is no Tenth Circuit authority specifically on the issue of verification.[16] Defendant contends that the failure to file a verified charge is fatal to Plaintiff's case and urges the Court to follow decisions from the Fourth and Eleventh Circuits of Appeal. Those circuits have determined that verification of the charge is a mandatory prerequisite for bringing a lawsuit in federal court.[17]

---

[15] 29 C.F.R. § 1601.3(a).

[16] The Court notes that the Tenth Circuit *has* addressed whether an EEOC intake questionnaire can suffice to operate as a charge. *See Jones*, 502 F.3d 1176; *Semsroth v. City of Wichita*, 304 F. App'x 707 (10th Cir. Dec. 22, 2008) (unpublished). In *Jones*, the Tenth Circuit found that the plaintiff's EEOC intake questionnaire satisfied the minimum requirements of being in writing, signed, and verified. *Jones*, 502 F.3d at 1184. In addition, (1) the intake questionnaire satisfied the requirements of 29 C.F.R. § 1601.12, (2) the evidence showed that the plaintiff sought to activate the EEOC's administrative process, and (3) the EEOC treated the questionnaire as a charge. *Id.* at 1184-85. In *Jones*, however, there was no question of whether the plaintiff had verified the charge. The Tenth Circuit specifically noted that the plaintiff verified his questionnaire when he signed it under the penalty of perjury. 502 F.3d at 1184, n. 3.

In *Semsroth*, the Tenth Circuit found that two of the three plaintiffs' EEOC intake questionnaires constituted a charge for purposes of Title VII. *Semsroth*, 304 F. App'x at 712. With regard to these two plaintiffs, the Tenth Circuit noted that (1) the intake questionnaire satisfied the requirements of 29 C.F.R. § 1601.12; (2) and viewing the document from an objective viewpoint, the filing constituted the plaintiff's request for remedial action. *Id.* at 713. In addition, although the plaintiffs did not have to demonstrate that the EEOC treated the document as a charge, the EEOC's subsequent conduct was relevant as to whether the plaintiffs took the necessary steps to start the EEOC process. *Id.* at 714. In the *Semsroth* decision, there was no discussion regarding verification of the EEOC intake questionnaire.

[17] *See Vason v. City of Montgomery, Ala*, 240 F.3d 905, 907 (11th Cir. 2001) (finding that verification of a charge under 42 U.S.C. § 2000e-5(b) was a mandatory requirement for bringing suit); *EEOC v. Appalachian Power Co., Inc.*, 568 F.2d 354, 355 (4th Cir. 1978) (stating that verification of a charge of discrimination was a mandatory requirement). *See also Balazs v. Liebenthal*, 32 F.3d 151 (4th Cir. 1994) (finding that a sworn charge of discrimination was a mandatory prerequisite to a valid charge and the plaintiff's attempt to amend the charge after the EEOC issued a right to sue letter was insufficient to cure the failure to verify).

Plaintiff's EEOC intake questionnaire is not verified.[18] There is no place on the questionnaire providing that Plaintiff signed it under the penalty of perjury or under oath and before a notary. Thus, this document is not a verified charge as required under 42 U.S.C. § 2000e-(5)(b) or 29 C.F.R. § 1601.9. And although Plaintiff indicated on the intake questionnaire that she wanted to file a charge of discrimination, she did not respond to the EEOC's letter requesting her to sign and return the charge of discrimination, EEOC Form 5, to the EEOC.[19] Thus, Plaintiff did not submit a verified charge to the EEOC.

Plaintiff admits that she did not submit a verified charge to the EEOC. She argues, however, that the intake questionnaire contained considerable detail for the EEOC to begin the investigative process and that Defendant was provided notice of the claim. She argues that a verified charge of discrimination is not a prerequisite for this Court's jurisdiction, contends that equitable principles should apply, and suggests that the Court follow decisions from the Third, Fifth, and Ninth Circuit Courts of Appeals.

In *Buck v. Hampton Township School District*,[20] the Third Circuit found that the defendant received detailed notice of the plaintiff's claims and participated in the conciliation process before the EEOC.[21] Thus, the Third Circuit concluded that although verification was mandatory, it was not jurisdictional and equitable principals precluded defendant from raising

---

[18] Plaintiff's intake questionnaire appears to meet the requirements of 29 C.F.R. § 1601.12(a). And the Court notes that 29 C.F.R. § 1601.12(b) states that "[a] charge may be amended to cure technical defects or omissions, including failure to verify the charge . . . . Such amendments . . . will relate back to the date the charge was first received." In this case, there is no subsequent verification that could relate back to when the EEOC received Plaintiff's initial intake questionnaire.

[19] This charge of discrimination had a space for her signature which she could either sign "under penalty of perjury that the above is true and correct" or by oath or affirmation.

[20] 452 F.3d 256 (3d Cir. 2006).

[21] *Id.* at 262.

the defense in federal court when the defendant did not previously assert it before the EEOC.[22] The Ninth Circuit also considered equitable principals.[23] It found that the EEOC charge, although not verified, provided the defendant with "a sufficient description of the factual allegations to put the employer on notice" and also "allow[ed] the administrative agency to conduct a complete investigation of the charges."[24] Thus, the initial filing did not prejudice the defendant.[25] The Ninth Circuit also found that verification was a technical provision rather than a substantive provision, so it issued a stay in the proceedings to allow the plaintiff to request leave from the EEOC to file a late verification.[26]

The cases Plaintiffs rely upon are distinguishable. In this case, Defendant did not participate in the EEOC proceedings. The only notice that Defendant was given provided limited information. The March 16, 2012 document simply states that Plaintiff had filed an unperfected charge of discrimination on the basis of sex for discrimination occurring on or about February 22, 2012. The notice told Defendant that it would receive a copy of the perfected charge of discrimination within forty-five days. Instead of receiving a perfected charge of discrimination setting out the particulars,[27] Defendant next received the EEOC's Notice of Dismissal and Right to Sue, dated April 19, 2012. Defendant was not given any information as

---

[22] *Id.* at 264-65. *See also Price v. Sw. Bell Tele. Co.*, 687 F.2d 74, 77-79 (5th Cir. 1982) (finding that the verification requirement was not jurisdictional and was subject to equitable considerations).

[23] *McWilliams v. Latah Sanitation, Inc.*, 149 F. App'x 588 (9th Cir. 2005).

[24] *Id.* at 590.

[25] *Id.*

[26] *Id. But see Balazs*, 32 F.3d at 157 (determining that once the EEOC closes its file and issues a right to sue letter, the charge is no longer before the EEOC and incapable of being amended and cannot relate back to the initial EEOC filing).

[27] There was no perfected charge of discrimination because Plaintiff did not file one.

to the discrimination Plaintiff alleged against it, and Defendant did not participate in the EEOC conciliation process. As the United States Supreme Court has noted, "[t]he verification requirement has the different object of protecting employers from the disruption and expense of responding to a claim unless a complainant is serious enough and sure enough to support it by oath subject to liability for perjury."[28] Because Plaintiff failed to file a verified charge with the EEOC, she failed to exhaust her administrative remedies. Thus, the Court does not have jurisdiction over her claim and dismisses her claim.[29]

**IT IS ACCORDINGLY ORDERED** this 11th day of February, 2014, that Defendant's Motion for Summary Judgment (Doc. 28) is hereby **GRANTED**. Because Plaintiff has failed to exhaust her administrative remedies, the Court lacks subject matter jurisdiction.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[28] *Edelman v. Lynchburg College*, 535 U.S. 106, 107 (2002) (finding that the plaintiff's EEOC verified charge could relate back to the date of the plaintiff's initial document to the EEOC provided that the earlier document satisfied the EEOC's requirements and could operate as a charge).

[29] *See Shikles*, 426 F.3d at 1317-18 (stating that it is improper to grant summary judgment on jurisdictional grounds and instead a district court should dismiss the case for lack of subject matter jurisdiction).